**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**SEATTLE DIVISION**

| | | |
|---|---|---|
| Saurabh Jain,<br><br>Shreya Ishita,<br><br>Plaintiffs,<br><br>v.<br><br>United States Citizenship and Immigration Services,<br><br>Defendant. | ) | Case No.: 2:26-cv-1814<br><br>**COMPLAINT** |

**<u>COMPLAINT</u>**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking release of data related to Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485" or "adjustment of status") adjudications associated with the Employment-Based Fifth Preference ("EB-5") visa category by the United States Citizenship and Immigration Services ("USCIS" or "the Agency").

2. There is a "persistent lack of clarity in USCIS's official disclosures about the EB-5 program…" *Da Costa v. Immigr. Inv. Program Office*, 80 F.4th 330, 346 (D.C. Cir. 2023). To date, the Agency has continued to withhold information from immigrant investors, including Plaintiffs,


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

who rely on it to make one of the most significant investment decisions of their lives. For instance, there is complete lack of published data pertaining to the number of officers assigned to adjudicate Form I-485 application at each service center, the average time between a Form I-526 or Form I-526E approval and corresponding Form I-485 adjudication, or policies for inter-office transfer of EB-5 associated I-485 cases.

3. Plaintiffs seek to immigrate to the United States through the EB-5 immigrant investor program[1]. In pursuit of lawful permanent resident status in the United States, Plaintiffs have invested hundreds of thousands of dollars each through a designated Regional Center to qualify for an immigrant visa under 8 U.S.C. § 1153(b)(5).

4. Plaintiffs filed their Forms I-485, Application to Register Permanent Residence or Adjust Status, over 15 months ago. Yet, there has been no substantive action by the Agency. At last, Plaintiffs had to resort to a federal lawsuit before this Court challenging USCIS' unreasonable delay in adjudicating their Forms I-485. *See Saurabh Jain et al. v. Joseph B. Edlow, Director, United States Citizenship and Immigration Services, 2:25-cv-02656-LK (W.D. Wash).*[2]

5. To date, the Agency has not adjudicated Plaintiffs' Forms I-485. In the hopes of understanding Agency's mechanism, policies, workload distribution, and data related to the adjudication of Forms I-485 related to Form I-526 (Immigrant Petition by Standalone Investor)[3] and Form I-526E

---

[1] *See* USCIS, EB-5 Immigrant Investor Program, available at https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (*last accessed* May 27, 2026).

[2] Plaintiffs in this suit are also party to the above-cited suit along with other fellow investors, which is still pending. Plaintiffs will attach a Notice of Related Cases to this complaint.

[3] *See* USCIS, I-526, Immigrant Petition by Standalone Investor, *available at* https://www.uscis.gov/i-526 (*last accessed* May 27, 2026).


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

(Immigrant Petition by Regional Center Investment)[4], Plaintiffs filed their respective FOIA Requests (collectively, the "Requests") to ascertain the methodology of review and adjudication of such adjustment of status applications by the Agency.

6. To date, the Agency has failed to produce its response to Plaintiffs' Requests. Plaintiffs now turn to this Court to compel the Agency to comply with the law and produce documents per their FOIA Requests.

## PARTIES

7. Plaintiff Saurabh Jain is a citizen and national of India. He is an applicant for lawful permanent residency (i.e., he seeks to acquire a "Green Card" domestically through the filing of Form I-485) following his EB-5 petition approval. He is currently domiciled in Seattle, Washington.

8. Plaintiff Shreya Ishita is a citizen and national of India. She is an applicant for lawful permanent residency (i.e., she seeks to acquire a "Green Card" domestically through the filing of Form I-485) following her EB-5 petition approval. She is currently domiciled in New York, New York.

9. Defendant, United States Citizenship and Immigration Services is a United States government agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS is a component of the Department of Homeland Security ("DHS"), an agency within the Executive Branch. Among other duties and responsibilities, USCIS is responsible for adjudicating EB-5 related benefits, as well as the formation and execution of related EB-5 policies and procedures. USCIS has the possession and control of the data that Plaintiffs have requested under the FOIA statute and has the duty to provide the same.

## JURISDICTION AND VENUE

[4] *See* USCIS, I-526E, Immigrant Petition by Regional Center Investment, *available at* https://www.uscis.gov/i-526e (*last accessed* May 27, 2026).


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs claims arise under the laws of the United States, specifically the Freedom of Information Act ("FOIA").

11. This Court may grant relief pursuant to Freedom of Information Act. 5 U.S.C. § 552.

12. This Court also has authority to grant relief under the Declaratory Judgement Act (28 U.S.C. § 2201).

13. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(c) because Plaintiff Saurabh Jain lives in Seattle, King County, Washington, and there is no real property involved. Because venue is proper for this Plaintiff, it is proper for all Plaintiffs. *Railway Labor Executives' Assoc. v. ICC, 958 F.2d 252, 256 (9th Cir. 1991), citing Exxon Corp. v. F.T.C., 588 F.2d 895, 898-99 (3d Cir. 1978).*

14. Plaintiffs are deemed to have exhausted all administrative remedies because the agency "faile[d] to comply with the applicable time limit provisions of [5 U.S.C. § 552(a)(6)(C)(i)]". 5 U.S.C. § 552(a)(6)(C)(i).

15. Declaratory relief is appropriate under 28 U.S.C. § 2201.

16. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. 552(a)(4)(B).

## STATUTORY FRAMEWORK

*The EB-5 Program, I-526 Petitions, and Permanent Residency*

17. Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors. Generally, an EB-5 visa is available to a foreign national who invests the requisite amount of capital into a new commercial enterprise that creates ten full-time jobs for lawful American workers. 8 U.S.C. § 1153(b)(5).

18. To obtain an EB-5 permanent resident card ("Green Card"), a foreign investor must complete three separate steps to obtain unconditional permanent resident status. First, the investor must submit a Form I-526 or Form I-526E Petition and supporting documentation demonstrating that the required

capital has been committed and is actually at risk; that the investment is made from the applicant's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that the investment will create ten full-time jobs. 8 C.F.R. § 204.6(j).

19. Anyone can file a Form I-526/E petition, regardless of backlogs. U.S. immigration law severely limits the number of immigrant *visas* that can be issued, but there is no numerical limit on the number of immigrant *petitions* that can be filed, thus fueling extensive visa backlogs.

20. If, when filing the Form I-526/E petition, an immigrant visa is available and the investor is located in the United States in another form of nonimmigrant (temporary) immigration status, the investor may concurrently file Form I-485, Application to Adjust Status. If it is not available at the time of filing the Form I-526/E, an investor must wait until an immigrant visa becomes available to file Form I-485.

21. Second, after the Form I-526/E is approved, a foreign investor residing within the United States may submit a Form I-485 to adjust status to that of a conditional lawful permanent resident, if they have not already done so concurrently. If the investor is abroad, the investor will process a Form DS-260 immigrant visa application through the local consulate that has jurisdiction over the case. *See* 8 U.S.C. § 1186b(a)(1); 8 C.F.R. § 245.1(h).

22. Conditional permanent residency expires two years after it is granted. 8 U.S.C. §§ 1186b(a)(1), (d)(2)(A).

23. Near the end of the two-year conditional permanent residency period, the investor and their dependents must complete a third step to acquire full, unconditional lawful permanent residency. *Id.* at §1186b(d)(2)(A).

24. Third, investor must file Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status within 90 days of the second anniversary of receipt of such status: "a petition [to remove conditions] shall be filed during the 90-day period immediately preceding the second

anniversary of the alien investor's lawful admission for permanent residence." *Id*.

25. The investor must submit evidence that the investment remained at risk during the entire period of conditional permanent residency and either that the investment created at least ten full-time jobs for American workers, or that the jobs will be created through a comprehensive business plan. 8 C.F.R. § 216.6(c)(1).

*USCIS' Irregular Adjudications of EB-5 Forms I-485 and Lack of Credible Data*

26. Once a Form I-485 (Application to Register Permanent Residence or Adjust Status) has been filed, an applicant must generally remain in the United States or they will typically be found to have abandoned that application to adjust status. 8 C.F.R. § 245.2(a)(4)(ii).

27. The Agency has a duty to decide adjustment applicants within a "reasonable time". 5 U.S.C. § 555(b). Congress has clearly indicated that immigrant benefit petitions or applications should be decided within 180 days. 8 U.S.C. § 1571(b).

28. It has been over fifteen months since the Plaintiffs filed their Forms I-485 with USCIS. They have had to resort to filing a federal lawsuit to compel agency action on their Forms I-485. *See Saurabh Jain et al. v. Joseph B. Edlow, Director, United States Citizenship and Immigration Services, 2:25-cv-02656-LK.*

29. The Agency seemingly has no rule of reason or mechanism for deciding an adjustment of status application. It claims in litigation that it decides these types of applications on a first-in, first-out basis. The Agency's published processing times are published with confusing data, often varying from month to month. Necessarily, its own publicly available representations contradict its stated rule of reason in adjudicating these petitions.

30. For example, USCIS made representations that they do not follow their own purported rule of reason. USCIS stated, "We adjudicate applications on a case-by case basis. Each case is unique, and


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

some cases may take longer to adjudicate."[5] This statement does not confirm a rule of reason. Instead, it acts as a justification of inconsistent processing times. This vague language directly contradicts the Agency's purported first in, first out rule.

31. Further, the Agency boasts that "most" EB- adjustment of status applicants wait six months or less.[6] Conversely, USCIS does not publish data relating to specific EB-5 related adjustments of status, nor does USCIS explain a rule of reason as to why there would be a significant delay in adjudicating an adjustment of status after already adjudicating a Form I-526 or I-526E, which is a far more intense process involving deeper background checks and personal examinations.

32. There is also no public rule of reason for the adjudication of adjustment of status applications, i.e., a timeframe to govern assignment and adjudication of cases, following Form I-526/E approval. Forms I-485 associated with EB-1 through EB-3 petitions are routinely processed immediately after approval of the petition, but for some reason, EB-5 related adjustments are not.

33. There is also no timeframe to govern assignment and adjudication of cases following Form I-526/E approval.

34. Even if the Agency claims to have a rule of reason, upon information and belief, the Agency cannot prove that it follows it.

35. Contrary to USCIS's purported first-in-first out adjudication policy, other EB-5 adjustment of status applicants routinely received adjudications significantly faster than Plaintiffs. In fact, a public facing announcement by an EB-5 Regional Center explained that one of their investors received a

---

[5] *See* USCIS's X (formerly Twitter) Feed, Dec. 14, 2023, *available at* https://twitter.com/USCIS/status/1735295336816529772 (*last accessed* May 27, 2026).

[6] *See* LinkedIn, USCIS, *available at* https://www.linkedin.com/posts/uscis_for-the-third-consecutive-year-all-available-activity-7249478972302852096-JzD5?utm_source=share&utm_medium=member_desktop (*last accessed* May 27, 2026).

Form I-485 approval in just four months,[7] while Plaintiffs continue to languish in adjudicative limbo without any meaningful update from the Agency.

36. It is evident that USCIS has no rule of reason, process, or mechanism in adjudicating EB-5 adjustment of status applications. Moreover, USCIS has not published any data reflecting post-RIA Form I-485 adjudications related to EB-5, net backlog and gross backlog for Forms I-485 relating to EB-5, officer adjudication time for a Form I-485, standard practice for transferring EB-5 related Forms I-485 between USCIS offices and service centers, or data related to adjudication of Forms I-485 related to Form I-526E which are afforded priority processing.

37. Considering EB-5 related filings carry the highest fees in the entire United States immigration system[8], a fee-funded agency has a heightened obligation to be transparent about its processes and adjudications functioning, rather than obfuscating information in ways that deter future investors and undermine confidence in the program.

38. Accordingly, Plaintiffs filed FOIA requests to see how this system actually works.

39. USCIS' failure to respond to Plaintiffs' Requests, combined with its persistent failure to publish information reflecting current operations, constitutes bad faith.

*FOIA*

40. Pursuant to 5 U.S.C. § 552(a)(3)(A), an agency is required to promptly make disclosable records available upon request.

41. An agency has twenty (20) business days from the day of receiving a request to determine whether to comply with the request and provide the reasons therefor. 5 U.S.C. § 552(a)(6)(A).

---

[7] *See* LinkedIn, Duncan Fuller, Feb. 10, 2023, available at https://www.linkedin.com/feed/update/urn:li:activity:7162167844212834304/ (*last accessed* May 27, 2026).

[8] *See* USCIS, G-1055, Fee Schedule, available at https://www.uscis.gov/g-1055 (*last accessed* May 27, 2026).


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

42. Under "unusual circumstances," an agency may request an extension of not more than ten (10) business days to respond to the request. 5 U.S.C. § 552(a)(6)(B).

43. Thereafter, the agency is only permitted to withhold responsive records if the records fall under one of the nine enumerated exceptions in 5 U.S.C. § 552(b)(1)-(9).

44. If the agency makes a request to the requester for information or clarification, the twenty-day period may be tolled while it is awaiting such information. 5 U.S.C. § 552(a)(6)(A)(ii). The tolling period ends upon the agency's receipt of the requester's response to the agency's request for information or clarification. *Id.*

45. A FOIA requestor may request the district court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## **FACTUAL ALLEGATIONS**

*FOIA Requests*

46. In order to understand the Agency's adjudication methodology, Plaintiff Jain submitted a Request with Defendant on February 28, 2026. Similarly, Plaintiff Ishita submitted her Request with Defendant on March 1, 2026.

47. In summary, both Plaintiffs requested that Defendant produce:

(1) Existing database query outputs, spreadsheets, data extracts, or report maintained by USCIS that reflect Form I-485 (adjustments of status) adjudicated between March 2022 to February 2026, where the adjustment was based upon approved Forms I-526 and I-526E. To the extent such information is maintained in already existing USCIS database, existing reports reflecting further month and year of Form I-485 adjudication in relation to approved Forms I-526 and I-526E, TEA category designation (rural, high


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

unemployment, infrastructure, unreserved), and country of chargeability (China, India, Vietnam, and rest of the world). [9]

(2) All records including but not limited to guides, memos, written policies, standard operating procedures ("SOPs"), workflow charts, or formal guidance memoranda in effect between March 2022 to February 2026 that relate or refer in any way to the process and/or policy of communicating approval of a Form I-526 and/or Form I-526E from USCIS' Immigrant Investor Program Office ("IPO") to the USCIS California Service Center ("CSC").

(3) Specific reports, data extracts, database query outputs, or spreadsheets of the Net Backlog and Gross Backlog for Forms I-485 relating to EB-5 from March 2022 to February 2026. According to USCIS publications ("Net Backlog is Gross Backlog minus any customer induced delays (i.e. RFE, intent to deny, etc.), and visa unavailable cases." [10]

(4) All records including but not limited to written policies, standard operating procedures (SOPs), workflow guidance, or memoranda maintained by USCIS that relate or refer in any way to the process and/or policy of assigning cases to USCIS employees for pre-adjudication of EB-5 related Forms I-485.

---

[9] Plaintiffs attached a report in the sample spreadsheet format along with their Request seeking data categorized by year, country of chargeability, and TEA designation category.

[10] Plaintiffs provided examples along with their request, such as, https://www.uscis.gov/sites/default/files/document/data/net_backlog_frontlog_fy2024_q4.xlsx and https://www.uscis.gov/sites/default/files/document/data/net_backlog_frontlog_fy2025_q3.xlsx. (*last accessed* May 27, 2026)


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

(5) All communications, including but not limited to reports and interoffice emails, ranging from March 2022 to February 2026, submitted to the U.S. Department of State to indicate the numbers of EB-5 related Forms I-485 ready for visa assignment.

(6) Any existing reports, time studies, workload analyses, or internal metrics maintained between March 2022 to February 2026 that reflect the average, median, or estimated officer adjudication time for Form I-485 adjustment of status applications. If available, any existing records reflecting the number of officers assigned to adjudicate Form I-485 adjustment of status applications at each service center as on date.

(7) All records including but not limited to policies, standard operating procedures (SOPs), internal guidance memoranda, or adjudicative instructions that relate or refer in any way to the process and/or policy of adjudicating interim benefits (i.e. Employment Authorization (Form I-765) and Advance Parole (Form I-131) for EB-5 adjustment of status applicants during the so-called lapse in authorization for the EB-5 Regional Center Program, which took place between approximately July 1, 2021 and May 15, 2022.

(8) All records including but not limited to final policy memoranda; internal guidance; standard operating procedures (SOPs) or updates thereto; Adjudications Field Manual or Policy Manual updates; workflow charts or maps describing I-485 case transfers; templates or standardized transfer notices used for interoffice transfer of EB-5 I-485 cases; and directives used by Service Center Operations, which were prepared, created, received, transmitted, collected and/or maintained by USCIS that relate or refer in any way to the policies, procedures, and standard practices of transferring EB-5 related Forms I-485 between USCIS offices (e.g. policies to transfer between service centers or the National Benefits Center) between March 2022 and February 2026.


GEORGE IMMIGRATION PLLC
5719 STETSON CT. NW, OLYMPIA, WA 98502
TEL: (425) 328-9339

(9) All records including but not limited to: final policy memoranda; internal guidance; standard operating procedures (SOPs) or updates thereto; Adjudications Field Manual or Policy Manual updates; interoffice emails; directives or instructions to service centers; workflow or tracking tools/templates used to monitor or manage expedited EB-5 adjustments; and reports or meeting minutes that discuss or document decisions or implementation of an EB-5 case expediting initiative which were prepared, created, received, transmitted, collected and/or maintained by USCIS that relate or refer in any way to the expediting of EB-5 related adjustments of status in its stated effort to "us[e] all available employment-based visas" between FY 2022 and FY 2024. See, e.g., https://twitter.com/USCIS/status/1707371893593125321 (*last accessed* May 27, 2026),

(10) The average time between Form I-526 or Form I-526E approval and a corresponding Form I-485 adjudication for EB-5 related adjustment of status applicants in FY 2024 and FY 2025.

(11) Any records regarding the assignment and adjudication of Forms I-485 relating to Forms I-526E which are to be afforded "priority processing" (i.e. associated with rural regional center projects) as per the terms EB-5 Reform and Integrity Act of 2022.

(12) Any records regarding the assignment and adjudication of Forms I-485 relating to Forms I-526E following the exhaustion of all EB-1, EB-2, EB-3, EB-4, and non-reserved EB-5 visas. The specific time periods requested are September 2024 and September 2025.

48. The two requests were, for all material purposes to this litigation, identical to each other.

49. On April 29, 2026, Plaintiff Jain received correspondence ("the Letter") from Defendant confirming receipt of the Request. Defendant assigned Plaintiff Jain's Request the control number

**COW2026002669**. *See* **Exhibit A**.

50. On April 29, 2026, Plaintiff Ishita received the Letter from Defendant confirming receipt of the Request. Defendant assigned Plaintiff Ishita's Request the control number **COW2026002686**. *See* **Exhibit B**.

51. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty business days from the day of receiving Plaintiffs' request to determine whether to comply with the request and provide the reasons therefor. However, Defendant invoked a 10-day extension to respond under 5 U.S.C. § 552(a)(6)(B).

52. Therefore, Defendant's determination was due, at the latest on April 10, 2026.

53. It has been over 62 business days. Defendant has not made a determination on Plaintiffs' FOIA Requests or produced any of the requested documents.

## CAUSE OF ACTION

## COUNT I

### Violation of the Freedom of Information Act

### Under 5 U.S.C. § 552(a)

54. Plaintiffs re-allege all allegations contained herein.

55. Defendant failed to make a determination, and provide the reasons therefor, on the Plaintiffs' Request in violation of 5 U.S.C. § 552(a)(6)(A).

56. Defendant failed to produce any of the requested records in violation of 5 U.S.C. § 552(a).

57. Defendant failed to provide any legal justification for its failure to comply with 5 U.S.C. § 552(a).

58. Because Defendant has failed to meet the statutory deadlines, Plaintiffs are deemed to have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court:

A. Declare that Defendant's failure to make determinations on Plaintiffs' Requests and the subsequent withholding of the records requested is unlawful under the FOIA;

B. Order Defendant to immediately produce and release the requested documents to Plaintiffs by a date certain;

C. Retain jurisdiction to ensure that Defendant provides Plaintiffs all responsive records and that it lawfully and reasonably segregates portions of any exempt records sought in this action;

D. Order USCIS to pay reasonable attorneys' fees pursuant to FOIA, the *Equal Access to Justice Act*, and/or any other provisions of law; and

E. Enter and issue other relief that this Court deems just and proper.

DATED: May 27, 2026

Respectfully submitted,

*/s/ Anahita M. George, Esq.*
ANAHITA M. GEORGE (#57799)
GEORGE IMMIGRATION PLLC
5719 Stetson Ct. NW
Olympia, WA 98502
Phone: (425) 328-9339
Email: ageorge@justimmigrationusa.com

*Local Counsel*

*/s/ Matthew T. Galati, Esq.*
Matthew T. Galati
THE GALATI LAW FIRM, LLC
8080 Old York Road
Suite 204
Elkins Park, PA 19027
Phone: (215) 309-1728
Email: matt@galati.law
Bar No. 312013 (Pennsylvania)

*Lead Attorney**
**Motion for Pro Hac Vice Forthcoming*

*Attorney for Plaintiffs*